UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANTHONY JOHNSON and DARNELL HUGHES, | Case No. 21-CV-2017 (PJS/LIB) |
| Petitioners, | |
| v. | ORDER |
| B. BIRKHOLZ, in his official capacity as Warden of Federal Prison Camp Duluth; and MICHAEL CARVAJAL, in his official capacity as Director of the Federal Bureau of Prisons, | |
| Respondents. | |

Petitioners Anthony Johnson and Darnell Hughes seek habeas relief under 28 U.S.C. § 2241, contending that they are immediately eligible for and entitled to home confinement under 18 U.S.C. § 3624(c)(2), as modified by the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2000), and that respondents are violating various constitutional and statutory provisions by failing to place them in home confinement.

This matter is before the Court on petitioners' objection to the May 3, 2022 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer.[1] Judge Bowbeer

---

[1] The Court granted petitioners' request for an extension of time in which to file their objection. ECF No. 29. Although the Court's order required that the objection be filed by July 8, *id.*, it was not filed until July 14, ECF No. 33. However, as petitioners assert that they mailed their objection on June 25, the Court gives them the benefit of the
(continued...)

recommends dismissing petitioners' amended § 2241 petition with prejudice and on the merits. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court concludes that it lacks jurisdiction and therefore dismisses this action without prejudice.

Habeas corpus is used to challenge "the fact or duration of . . . physical confinement itself." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973); *see id.* (characterizing the seeking of "immediate release or a speedier release from . . . confinement" as "the heart of habeas corpus"). When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims. *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (concluding that habeas jurisdiction was lacking because "Spencer does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison"); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.").

---

[1](...continued)
doubt and will deem their objection to be timely filed.

In this case, petitioners allege that they are eligible for home confinement and that the failure of the Bureau of Prisons ("BOP") to transfer them to home confinement violates various constitutional and statutory provisions.[2]  Home confinement is not release from custody, however; it is simply one of several forms of BOP custody.  *Cf. United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) ("Because these statutes give authority to place a prisoner in home confinement to the Director of the BOP, not the district court, the district court correctly held that it did not have authority to change Houck's place of imprisonment to home confinement under [18 U.S.C.] § 3624(c)(2)."); *cf. Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004) (explaining that § 3624 requires the

---

[2]The Court, like Judge Bowbeer, confines itself to addressing the claims set forth in the amended petition that petitioners filed in September 2021.  *See* ECF Nos. 6-3, 17.  In their objection, petitioners fault the R&R for not addressing arguments made in a memorandum that they filed in January 2022.  As Judge Bowbeer explained in an earlier order, however, that memorandum appeared to be an attempt by petitioners to amend their habeas petition a second time.  ECF No. 24 at 2–3.  Judge Bowbeer therefore construed the memorandum as a motion for leave to file a second amended petition and, so construed, denied the motion for failing to comply with the Local Rules of this District.  *Id.* at 4.  Judge Bowbeer also gave petitioners "one *final* chance to get all their claims and allegations into one document" by filing "an entirely new, standalone pleading" that does not "merely supplement or add to the Amended Petition (or the Petition)."  *Id.* at 4.  Judge Bowbeer warned petitioners that, if they did not submit a second amended petition, "then the Court will address this action strictly on the basis of the Amended Petition—i.e., without the material in the Memorandum."  *Id.* at 5.  Petitioners did not object to this order, nor did petitioners file a second amended petition.  Accordingly, as Judge Bowbeer ruled, petitioners' claims are limited to those in the amended petition and do not include any additional claims described in the January 2022 memorandum.

BOP to formulate a "plan of pre-release conditions," which may include home confinement). A legal action seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement. *See Spencer*, 774 F.3d at 471 (citing *Cook v. Hanberry*, 592 F.2d 248, 248 (5th Cir. 1979) (per curiam), for the proposition that "a prisoner's request for transfer back to a West Coast facility where he was previously incarcerated could not be brought under a habeas petition"); *Smith v. Warden of Duluth Prison Camp*, No. 18-CV-2555 (WMW/LIB), 2019 WL 3325837, at *3 (D. Minn. Apr. 23, 2019) (court has no jurisdiction over claim that "concerns only the location where the remainder of [petitioner's] 120-month sentence should be served"), *R&R adopted as modified*, 2019 WL 3323063 (D. Minn. July 24, 2019).

It is true that the Eighth Circuit (and this Court, following the Eighth Circuit's lead) has, in the past, entertained habeas claims similar to those at issue in this case. *See, e.g., Elwood*, 386 F.3d at 847 (holding that the BOP has authority to place prisoners in community-corrections centers at any time during their incarceration); *Toole v. Krueger*, No. 12-CV-2445 (PJS/TNL), 2012 WL 6621681, at *4 (D. Minn. Dec. 19, 2012) (holding that the BOP had authority to place the petitioner in home confinement and ordering the BOP to consider whether home confinement was appropriate).

But those cases did not address the issue of jurisdiction, and, at the time they were decided, it was not clear whether prisoners could pursue conditions-of-confinement claims in a habeas action. *See Taylor v. Roal*, No. 10-CV-3588 (PJS/JJG), 2010 WL 4628634, at *2 (D. Minn. Nov. 5, 2010) (noting that, "[i]n the absence of Supreme Court guidance, the Eighth Circuit has sent mixed signals on" the question whether prisoners may bring conditions-of-confinement claims in a habeas petition).

Since then, however, the Eighth Circuit has clarified that habeas is *not* the proper remedy for such claims. *See Spencer*, 774 F.3d at 469–71; *Pollock v. Marske*, No. 21-2570, 2022 WL 1218640, at *1 (8th Cir. Apr. 26, 2022) (unpublished) (per curiam) (affirming dismissal for lack of jurisdiction of § 2241 petition challenging BOP custody classification). This Court has followed suit. *See Frohlich v. United States*, No. 20-CV-2692 (PJS/HB), 2021 WL 2531188, at *2 (D. Minn. June 21, 2021) (dismissing habeas petition alleging that confinement at FCI Sandstone was unconstitutional due to conditions at that facility because the alleged legal wrong could be remedied by transfer or other measures short of release), *aff'd*, No. 21-2522, 2021 WL 6424133 (8th Cir. Sept. 2, 2021); *Brown v. Kallis*, No. 21-CV-920 (PJS/ECW), 2022 WL 1652933, at *10 n.6 (D. Minn. Apr. 21, 2022) ("To the extent Brown makes an Eighth Amendment claim as to his home confinement claim, it should be dismissed because a habeas proceeding is not the proper vehicle for such claims."), *R&R adopted*, 2022 WL 1645666 (D. Minn. May 24,

-5-

2022); *see also Williams v. Birkholz*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *7–8 (D. Minn. July 20, 2021) (recommending dismissal of habeas case for lack of jurisdiction where prisoners challenged the failure to place them in home confinement under the CARES Act), *R&R adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021); *Jorgensen v. Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *1–2 (D. Minn. July 13, 2021) (dismissing habeas case for lack of jurisdiction where prisoners sought home confinement and other pandemic-mitigation measures), *appeal dismissed*, No. 21-2786, 2021 WL 6808428 (8th Cir. Sept. 27, 2021); *Smith*, No. 18-CV-2555 (WMW/LIB), 2019 WL 3325837, at *2–3 (recommending dismissal of habeas claim seeking transfer to another facility because it did not challenge the fact or duration of confinement).  As petitioners are not challenging either the fact or duration of their confinement, therefore, the Court lacks jurisdiction over this habeas action.

The Eighth Circuit has instructed that, when a prisoner brings a conditions-of-confinement claim in a habeas action, the district court should ask the petitioner whether he wants to recharacterize his claims.  *Spencer*, 774 F.3d at 471.  In this case, however, there are two petitioners, one of whom appears to have been released from custody last May (and whose claims are therefore likely moot).[3]  Under the

---

[3]*See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (search for Anthony Johnson indicating that he was released in May 2022).

circumstances, the Court concludes that it would be simpler and more straightforward to dismiss this case without prejudice for lack of jurisdiction. Petitioners then may, if they so choose, initiate separate civil actions. *Cf. Williams*, No. 20-CV-2190 (ECT/LIB), 2021 WL 4155614, at *7 n.8 (declining to recharacterize a habeas petition where the participation of multiple petitioners rendered the process overly complex and infeasible).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Court DECLINES TO ADOPT the Report and Recommendation [ECF No. 27].

2. Petitioners' objection [ECF No. 33] is DENIED AS MOOT.

3. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 5, 2022

Patrick J. Schiltz, Chief Judge
United States District Court